CONSTANCE J. YU (SBN 182704)
E-mail: cyu@plylaw.com
PHILIP J. WANG (SBN 218349)
E-mail: pwang@plylaw.com
PUTTERMAN | YU | WANG LLP
345 California Street, Suite 1160
San Francisco CA 94104-2626
Tel: (415) 839-8779
Fax: (415) 737-1363

Attorneys for Defendant
EAT JUST, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BOTTEH, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>EAT JUST, INC.,<br><br>                    Defendant. | Case No. _____<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT BY DEFENDANT EAT JUST, INC. PURSUANT TO 28 U.S.C. § 1332(D)(2) (CAFA)**<br><br>(ALAMEDA SUPERIOR COURT CASE NO. 26CV172997) |

CASE NO. _____

NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF DANIEL BOTTEH AND HIS COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant EAT JUST, INC. (hereafter, "Defendant" or "Eat Just") file this Notice of Removal of the action entitled *Daniel Botteh, individually, and on behalf of all others similarly situated v. Eat Just, Inc.*, Case No. 26CV172997 from the Superior Court of the State of California from the County of Alameda to the United States District Court for the Northern District of California.

This removal is based on 28 U.S.C § 1332(d)(2) and specifically, on the following grounds:

**I.      STATEMENT OF JURISDICTION**

This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 (hereafter, "CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. As set forth below, this case meets CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

**II.     VENUE AND DIVISIONAL ASSIGNMENT**

Venue is proper in this Court because it is the District Court of the United States for the District within which the Superior Court of the State of California of the County of Alameda is located.

Assignment in either the San Franscisco or Oakland Divisions is proper because the case was initially filed in Alameda Superior Court. Civ. L.R. 3-2(d).

**III.    STATUS OF PLEADINGS, PROCESS AND ORDERS**

On or about February 25, 2026, Plaintiff Daniel Botteh (hereafter, "Plaintiff" or "Botteh"), on behalf of himself and others similarly situated, filed a Complaint against Defendant in the Superior Court of the State of California, County of Alameda, entitled *Daniel Botteh, individually, and on behalf of all others similarly situated v. Eat Just, Inc.*, Case No. 26CV172997. A true and correct copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

CASE NO. _____

The Complaint contains three asserted causes of action for (1) Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq.; (2) Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*; and (3) Breach of Express Warranty.

Plaintiff purported to serve Defendant on March 6, 2026. A true and correct copy of the Summons, Civil Cover Sheet, and Proof of Service of Summons, are attached hereto as **Exhibit B**.

Defendant has not answered the Complaint.

**IV.    NOTICE TO STATE COURT AND PLAINTIFF'S COUNSEL**

Promptly upon the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Zachary M. Crosner and Michael T. Houchin of Crosner Legal, P.C., 9440 Santa Monica Blvd., Suite 301, Beverely Hills, CA 90210.

A copy of the Notice of Removal will also be filed with the Clerk of the Court for the Superior Court of California, Alameda County.

**V.    TIMELINESS OF REMOVAL**

This Notice of Removal is timely filed. "Section 1446(b)(1) and (b)(3) specify that a defendant must remove a case within thirty days of receiving from the plaintiff either an initial pleading or some other document, if that pleading or document shows the case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013). Here, the filing of this Notice of Removal is timely as it has been filed within thirty (30) days after purported service of the Summons and Complaint.

**VI.    CAFA JURISDICTION**

This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and at least one named and served Defendant; and (4) the total amount in controversy for all class members exceeds $5,000,000.

**A.   The Proposed Class Contains at Least 100 Members**

28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of CAFA do not apply to any class action where "the numbers of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in this case.

Plaintiff seeks to represent a class consisting of "[a]ll persons who purchased the Products for personal use in California from the beginning of the applicable statute of limitations until the date class notice is disseminated." Complaint, ¶44. According to Plaintiff's class definition, and upon information and belief, this number exceeds 100 persons.

**B.   Defendant is Not a Government Entity**

Under 28 U.S.C. § 1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

Defendant is a private business entity, not a state, state official, or other governmental entity exempt from CAFA.

**C.   There is Diversity Between at Least One Class Member and Defendant**

CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Defendant is a citizen of California but at least one purported class member is a citizen of a different state.

Defendant is a Citizen of California and Delaware. For diversity purposes, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(l); *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010). Defendant Eat Just Inc. is a Delaware Corporation that is headquartered in Alameda, California, and therefore is a citizen of California and Delaware.

At Least One Plaintiff is a Citizen of a State Other than California and Delaware. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir.1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-*

*Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Defendant is informed and believes, based on the allegations in Plaintiff's Complaint, and on that basis allege, that Plaintiff Daniel Botteh is a resident of California. *See* Complaint, ¶7. Defendant is further informed and believes, based on the allegations in Plaintiff's Complaint and its own records, that at least one member of the class identified by Plaintiff resides outside of California and Delaware, and therefore is not a citizen of either of those states. Purported class members are "[a]ll persons who purchased the Products for personal use in California from the beginning of the applicable statute of limitations until the date class notice is disseminated." Complaint, ¶44. This class is explicitly not limited to citizens of California. Defendant is informed and believes, and on that basis alleges, that some members of Plaintiff's purported class purchased the product for "use" in California, but are not citizens of California or Delaware for diversity purposes (including, *inter alia*, tourists, students, members of the military, and business travelers). Therefore, the minimal diversity requirement is met.

**D.     The Amount in Controversy Exceeds $5,000,000**

This Court has jurisdiction under CAFA, which authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). For purposes of CAFA jurisdiction the claims of the individual plaintiffs are aggregated in determining the amount in controversy. 28 U.S.C. § 1332(d)(6).

The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A notice of removal "need not contain evidentiary submissions." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021) (citing *Dart*).

Here, Plaintiff does not allege the amount in controversy in the Complaint. The amount in controversy "encompasses all relief a court may grant on that complaint if the plaintiff is victorious."

CASE NO. _____

NOTICE OF REMOVAL TO FEDERAL COURT

*Chavez v. JPMorgan Chase & Co.* 888 F.3d 413, 415 (9th Cir. 2018); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover.")

Plaintiff seeks to represent a class of "[a]ll persons who purchased the Products for personal use in California from the beginning of the applicable statute of limitations until the date class notice is disseminated." Complaint, ¶ 44. Under the second cause of action alone for violation of the UCL, Plaintiff seeks "restitution from Defendant of all money obtained from Plaintiff and the other Class members." Complaint, ¶84. Plaintiff's claims are subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. In addition to restitution of all amounts paid by class members over four (4) years, the Complaint also seeks disgorgement of Defendant's profits and attorneys' fees. *See* Complaint, Request for Relief, c and f. Defendant is informed and believes, and on that basis alleges, that this total exceeds $5,000,000.

Defendant provides the foregoing only to demonstrate that the amount in controversy in this case exceeds the amount in controversy requirement of CAFA. Defendant makes no admission of any liability or damages with respect to any aspect of this case. Furthermore, Defendant does not waive any affirmative defenses that may be pleaded.

**VII.   CONCLUSION AND REQUEST FOR RELIEF**

For the reasons described above, Plaintiff's claims are properly removable under 28 USC § 1332(d). Accordingly, Defendant Eat Just, Inc. respectfully requests that this Court proceed with this matter as if it had been originally filed herein.

Dated:  April 6, 2026                                    PUTTERMAN | YU | WANG LLP

By: _____
PHILIP J. WANG
Attorneys for Defendant EAT JUST, INC.

EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
02/25/2026 at 05:20:50 PM
By: Danielle Harbour,
Deputy Clerk

CROSNER LEGAL, P.C.
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
Adam C. York (*Pro Hac Vice* application forthcoming)
adam@crosnerlegal.com
1016 West Jackson Blvd Suite 197
Chicago, Illinois 60607
*Attorneys for Plaintiff and the Proposed Class*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF ALAMEDA

| | |
|---|---|
| DANIEL BOTTEH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAT JUST, INC.,<br><br>Defendant. | Case No.  26CV172997<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, and;<br><br>2. Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*<br><br>3. Breach of Express Warranty<br><br><u>DEMAND FOR JURY TRIAL</u> |

CROSNER LEGAL, P.C.

Plaintiff Daniel Botteh ("Plaintiff") brings this class action complaint against Eat Just, Inc. (hereinafter "Eat Just" or "Defendant"). These allegations are grounded in counsel's investigation and are presented upon information and belief, except for those directly concerning Plaintiff, which are based on personal knowledge.

## INTRODUCTION

1.      This is a California consumer class action for violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and for breach of express warranty.

2.      Defendant manufactures, distributes, advertises, markets, and sells Just Mayo and Just Ranch products. The packaging prominently displays on the front of the label the claim that these products contain "No artificial preservatives."

3.      This statement is false. Each of the Products[1] are made with citric acid—a well known preservative used in food products.

4.      Defendant's packaging, labeling, and advertising scheme is intended to give consumers the impression that they are buying a premium product that is free from preservatives.

5.      Plaintiff, who purchased the Products in California, was deceived by Defendant's unlawful conduct and brings this action on his own behalf and on behalf of California consumers to remedy Defendant's unlawful acts.

## PARTIES

6.      Defendant Eat Just is a Delaware corporation that maintains its principal place of business at 1145 Atlantic Avenue, Alameda, CA. At all times relevant to this Complaint, Defendant was the manufacturer, distributor, marketer, and seller of the Products.

7.      Plaintiff Daniel Botteh is a resident of California. Plaintiff purchased the Products during the class period in California. Plaintiff relied on Defendant's deceptive advertising and labeling claims as set forth below.

---

[1] For the purposes of this Complaint, the "Products" means all products made by Eat Just labeled as containing "No artificial preservatives" that include citric acid as an ingredient. The Products include, but are not limited to, Just Chipotle Mayo, Just Chipotle Ranch, and Just Ranch.

1

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

## JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to Article VI, Section 10 of the California Constitution and California Code of Civil Procedure § 410.10.

9. This Court has general personal jurisdiction over Defendant because Defendant is headquartered in Alameda, California, and a corporation's "place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction.'" *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014).

10. Venue is proper in this county pursuant to California Code of Civil Procedure § 395.5 and California Civil Code § 1780(d) because Defendant's principal place of business is located in this county.

## FACTUAL ALLEGATIONS

### "NO ARTIFICIAL PRESERVATIVES" IS PROMINENTLY DISPLAYED ON THE FRONT LABELS OF THE PRODUCTS

11. The front labels for each of the Products prominently state that the Products contain "No artificial preservatives" thereby misleading reasonable consumers into believing that the Products are free from preservatives. However, each of the Products contain the preservative citric acid. Below are examples of labels for the Products:

**Just Chipotle Mayo:**



2

**Just Ranch:**



**Just Chipotle Ranch:**



**CITRIC ACID IS A PRESERVATIVE**

12.   Citric acid acts as a preservative when added to food products, including the Products at issue. The Food and Drug Administration ("FDA") defines a preservative as "any chemical that, when added to food, tends to prevent or retard deterioration thereof, but does not include common salt, sugars, vinegars, spices, or oils extracted from spices, substances added to food by direct exposure thereof to wood smoke, or chemicals applied for their insecticidal or

3

herbicidal properties." 21 C.F.R. §101.22(a)(5). The FDA has listed citric acid as a preservative in its "Overview of Food Ingredients, Additives and Colors" as shown below:[2]

| Types of Ingredients | What They Do | Examples of Uses | Names Found on Product Labels |
|---|---|---|---|
| Preservatives | Prevent food spoilage from bacteria, molds, fungi, or yeast (antimicrobials); slow or prevent changes in color, flavor, or texture and delay rancidity (antioxidants); maintain freshness | Fruit sauces and jellies, beverages, baked goods, cured meats, oils and margarines, cereals, dressings, snack foods, fruits and vegetables | Ascorbic acid, citric acid, sodium benzoate, calcium propionate, sodium erythorbate, sodium nitrite, calcium sorbate, potassium sorbate, BHA, BHT, EDTA, tocopherols (Vitamin E) |

13.     In a warning letter sent to Chiquita Brands International, Inc. and Fresh Express, Inc., the FDA warned that certain products were misbranded under the Federal Food Drug and Cosmetics Act because they "contain the *chemical preservatives ascorbic acid and citric acid* but their labels fail to declare these *preservatives* with a description of their functions. 21 C.F.R. [§] 101.22" (emphasis added).

---

[2] *Overview of Food Ingredients, Additives & Colors,* FOOD AND DRUG ADMINISTRATION, *available at* https://web.archive.org/web/20220901032454/http://www.fda.gov/food/food-ingredients-packaging/overview-food-ingredients-additives-colors

4

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

14. The Encyclopedia Britanica also classifies citric acid as a preservative because it has antioxidant properties, as shown below[3]:

## Preservatives

Food preservatives are classified into two main groups: antioxidants and antimicrobials. Antioxidants are compounds that delay or prevent the deterioration of foods by oxidative mechanisms. Antimicrobial agents inhibit the growth of spoilage and pathogenic microorganisms in food.

| Food preservatives | |
| --- | --- |
| chemical agent | mechanism of action |
| **Antioxidants** | |
| ascorbic acid | oxygen scavenger |
| butylated hydroxyanisole (BHA) | free radical scavenger |
| butylated hydroxytoluene (BHT) | free radical scavenger |
| citric acid | enzyme inhibitor/metal chelator |
| sulfites | enzyme inhibitor/oxygen scavenger |
| tertiary butylhydroquinone (TBHQ) | free radical scavenger |
| tocopherols | free radical scavenger |

15. The Agricultural Marketing Service of the United States Department of Agriculture ("USDA") has also recognized the use of citric acid as a preservative stating that "Citric acid has a wide variety of uses, some of which can provide preservative functions, primarily though lowering the pH of the food."[4]

16. The USDA's Food Safety Inspection Service's "Guideline for Label Approval" states that "[s]ome common chemical preservatives include BHA, BHT, calcium propionate, citric acid, natamycin and sodium propionate."[5]

---

[3] *Preservatives*, BRITANICA, *available at* https://www.britannica.com/topic/food-additive/Preservatives#ref502211

[4] *Citric Acid and Salts*, UNITED STATES DEPARTMENT OF AGRICULTURE, *available at* https://www.ams.usda.gov/sites/default/files/media/Citric%20Acid%20TR%202015.pdf.

[5] FSIS Guideline for Label Approval, UNITED STATES DEPARTMENT OF AGRICULTURE, *available at* https://www.fsis.usda.gov/sites/default/files/media_file/documents/FSIS-GD-2023-0001.pdf

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

17.    Several academic journals also note the use of citric acid as a preservative.[6] Indeed, "Citric acid acts as a preservative in many processed foods, keeping them fresh. It does this by slowing or helping prevent the formation of bacteria, mold, yeast, and fungus."[7] "Today, citric acid is one of the most common and widely-used preservatives in the world[.]"[8]

18.    Citric acid functions as a preservative in the Products regardless of whether Defendant intended to use citric acid as a preservative. Citric acid functions as a preservative even if it is also added to the Products for some other use. *See* 21 C.F.R. §101.22(a)(5) (defining preservatives as "any chemical that, when added to food, *tends to* prevent or retard deterioration") (emphasis added); *see also* Merriam-Webster's Dictionary (defining "preservative" as "something that preserves or *has the power of preserving*.") (emphasis added).[9]

19.    Many commercial food manufactures use a synthetic form of citric acid that is derived from heavy chemical processing.[10] Commercially-produced citric acid is manufactured using a type of black mold called *Aspergillus niger*.[11] Consumption of manufactured citric acid

---

[6] K. Kirimura, et al., *Citric Acid*, COMPREHENSIVE BIOTECHNOLOGY (SECOND EDITION) (2011), *available at* https://www.sciencedirect.com/science/article/abs/pii/B9780080885049001690?via%3Dihub; K.M.S. Islam, *Use of citric acid in broiler diets,* WORLD'S POULTRY SCIENCE JOURNAL VOL. 68, ISSUE 1 (Feb. 21, 2012), *available at* https://www.cambridge.org/core/journals/world-s-poultry-science-journal/article/abs/use-of-citric-acid-in-broiler-diets/DA15C2C1F90667525BF2414DF3BFF646 ("Citric Acid (CA) is a weak organic acid which is a natural preservative and can add an acidic or sour taste to foods and soft drinks.").

[7] *What is citric acid, and what is it used for?,* MEDICAL NEWS TODAY (July 23, 2021), *available at* https://www.medicalnewstoday.com/articles/citric-acid

[8] *Citric Acid: One of the Most Important Preservatives in The World,* FBC INDUSTRIES, INC. (Feb. 5, 2019), *available at* https://fbcindustries.com/citric-acid-one-of-the-most-important-preservatives-in-the-world/

[9] *Preservative,* MERRIAM-WEBSTER'S DICTIONARY, *available at* https://www.merriam-webster.com/dictionary/preservative?utm_campaign=sd&utm_medium=serp&utm_source=jsonld

[10] A. Hesham, Y. Mostafa & L. Al-Sharqi, *Optimization of Citric Acid Production by Immobilized Cells of Novel Yeast Isolates*, 48 MYCOBIOLOGY 122, 123 (2020), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7178817/

[11] *Id*; Pau Loke Show, *et al.*, *Overview of citric acid production from Aspergillus niger,* FRONTIERS IN LIFE SCIENCE, 8:3, 271-283 (2015), *available at* https://www.tandfonline.com/doi/full/10.1080/21553769.2015.1033653

6

has been associated with adverse health events like joint pain with swelling and stiffness, muscular and stomach pain, as well as shortness of breath.[12] On information and belief, Defendant uses synthetic manufactured citric acid in the Products.

20.    Dictionary definitions define "artificial" as something made by man. For example, "artificial" is defined as "made by human skill; produced by humans …"[13] Merriam-Webster's online dictionary states that "artificial" means "humanly contrived …"[14] Cambridge Dictionary states that "artificial" means "made by people, often as a copy of something natural."[15]

21.    Commercially-manufactured citric acid, like that used in the Products, is thus an artificial preservative.

**REASONABLE CONSUMERS ARE DECEIVED BY DEFENDANT'S FALSE LABELING STATEMENT AND SUFFERED ECONOMIC INJURY**

22.    Studies show a growing number, if not a majority of, consumers choose foods made with "clean" ingredients.[16] In 2024, the global clean label ingredients market size was $44 billion.[17] As such, tapping into the clean label market is important to a company's growth and

---

[12] Iliana E. Sweis, *et al.*, *Potential role of the common food additive manufactured citric acid in eliciting significant inflammatory reactions contributing to serious disease states: A series of four case reports,* TOXICOL REP. 5:808-812 (2018), *available at* https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6097542/

[13] *Artificial,* DICTIONARY.COM, *available at* https://www.dictionary.com/browse/artificial

[14]*Artificial*, MERRIAM-WEBSTER'S DICTIONARY, *available at* https://www.merriam-webster.com/dictionary/artificial

[15]*Artificial*, CAMBRIDGE DICTIONARY, *available at* https://dictionary.cambridge.org/us/dictionary/english/artificial

[16] *IFIC Survey: From "Chemical-sounding" to "Clean": Consumer Perspectives on Food Ingredients*, FOOD INSIGHT (June 17, 2021), *available at* https://foodinsight.org/ific-survey-from-chemical-sounding-to-clean-consumer-perspectives-on-food-ingredients/; Alverson, Chloe, *Consumer trends continue to prioritize clean label, non-GMO beverage*s, BEVERAGE INDUSTRY, *available at* https://www.bevindustry.com/articles/96687-consumer-trends-continue-to-prioritize-clean-label-non-gmo-beverages.

[17]*Clean Label Ingredient - Market Share Analysis, Industry Trends & Statistics, Growth Forecasts (2024 - 2029)* (synopsis), MORDOR INTELLIGENCE, *available at* https://www.researchandmarkets.com/reports/4771850/clean-label-ingredient-market-share-analysis?w=5; *Clean Label Ingredients Market is Projected to Reach US$ 125.5 Billion and a Dynamic CAGR of 4.2% by 2030*, PERSISTENCE MARKET RESEARCH (Jan. 18, 2024), *available at* https://www.globenewswire.com/en/news-release/2024/01/18/2811262/0/en/Clean-Label-Ingredients-.

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

bottom line.[18] Indeed, it is well documented that manufacturers charge and consumers are willing to pay a premium for products with clean ingredients (e.g., those that lack artificial ingredients).[19]

23.    "[F]oods bearing 'free-from' claims are increasingly relevant to Americans, as they perceive the products as closely tied to health … 84 percent of American consumers buy free-from foods because they are seeking out more natural or less processed foods. In fact, 43 percent of consumers agree that free-from foods are healthier than foods without a free-from claim, while another three in five believe the fewer ingredients a product has, the healthier it is (59 percent). Among the top claims free-from consumers deem most important are trans-fat-free (78 percent) and preservative-free (71 percent)."[20]

24.    Consumers, like Plaintiff, relied on Defendant's "No artificial preservatives" labeling statement. The "No artificial preservatives" statement on the labels of the Products is material to reasonable consumers.

25.    A reasonable consumer, like Plaintiff, understands a "preservative" to mean any additive that helps a food last longer, regardless of the technical regulatory category.

26.    Similarly, a reasonable consumer, like Plaintiff, understands "artificial" to include commercially-manufactured ingredients, like the citric acid used in the Products.

27.    Thus, to a reasonable consumer, Defendant's label representation that the Products contain "No artificial preservatives" is false and misleading.

---

[18] *Uncovering the clean label connection to business grow* (May 16, 2022), *available at* https://www.ingredion.com/na/en-us/be-whats-next/growth-with-clean-label.html; *Uncovering the clean label connection to business growth*, INGREDION (May 16, 2022), *available at* https://www.ingredion.com/na/en-us/be-whats-next/growth-with-clean-label.html.

[19] *The Truth About Clean Label — and Why It Matters*, PERDUE FOOD SERVICE (Oct. 18, 2021), *available at* https://www.perduefoodservice.com/resources/trends-insights/the-truth-about-clean-label-and-why-it-matters/; Jacobsen, Jessica, *Consumer awareness of clean label drives demand for ingredient solutions*, BEVERAGE INDUSTRY, *available at* https://www.bevindustry.com/articles/95110-consumer-awareness-of-clean-label-drives-demand-for-ingredient-solutions.

[20] *84% of Americans buy "free-from" foods because they believe them to be more natural or less processed*, Mintel (Sept. 3, 2015), *available at* https://www.mintel.com/press-centre/84-of-americans-buy-free-from-foods-because-they-believe-them-to-be-more-natural-or-less-processed/

CLASS ACTION COMPLAINT

28.    Plaintiff and the putative Class suffered economic injury as a result of Defendant's actions. Plaintiff and putative Class members spent money that, absent Defendant's actions, they would not have spent.

29.    Plaintiff and putative Class members are entitled to damages and restitution for the purchase price of the Products that were falsely labeled and advertised. Consumers, including Plaintiff, would not have purchased Defendant's Products, or would have paid less for the Products, if they had known the Products actually contain an artificial preservative ingredient.

### PLAINTIFF'S PURCHASE OF THE PRODUCTS

30.    Plaintiff Daniel Botteh purchased Just Products, including Just Chipotle Mayo and Just Ranch, with the "No artificial preservatives" label claim during the class period. Plaintiff's last purchase of the Products was in approximately Spring of 2025 from a Pavilions store located in West Hollywood, California.

31.    Plaintiff saw and relied on the "No artificial preservatives" claim on the labels of the Products. Plaintiff would not have purchased the Products, or would have paid less for the Products, had he known that the products actually contain a commercially-manufactured, artificial preservative ingredient.

32.    As a result, Plaintiff suffered injury in fact when he spent money to purchase the Products he would not have purchased, or would have paid less for, absent Defendant's misconduct.

33.    Plaintiff desires to purchase the Products again if the labels of the products were accurate and if the products actually contained "No artificial preservatives." However, because of Defendant's ongoing misrepresentations, Plaintiff is unable to rely on the Products' advertising and labeling when deciding in the future whether to purchase the Products.

### NO ADEQUATE REMEDY AT LAW

34.    Plaintiff and members of the putative Class are entitled to equitable relief as no adequate remedy at law exists. The statutes of limitations for the causes of action pled herein vary. Class members who purchased the Products more than three years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.

9

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

35. The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes Defendant's overall unfair marketing scheme to promote and brand the Products, across a multitude of media platforms, including the product labels, packaging, and online advertisements, over a long period of time, in order to gain an unfair advantage over competitor products.

36. Plaintiff and putative Class members may also be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

37. A primary objective of this litigation is to obtain injunctive relief. Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to misrepresent the Products as containing "No artificial preservatives" when the Products actually contain the artificial preservative citric acid.

38. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm— none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm).

39. Injunctive relief, in the form of affirmative disclosures or halting the sale of unlawful sold products is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements stating that the Products actually contain an artificial preservative ingredient.

40. An injunction requiring affirmative disclosures to dispel the public's misperception, and prevent the ongoing deception and repeat purchases, is also not available through a legal remedy (such as monetary damages).

41. In addition, Plaintiff is currently unable to accurately quantify the damages caused by Defendant's future harm, because discovery and Plaintiff's investigation has not yet

10

CLASS ACTION COMPLAINT

completed, rendering injunctive relief necessary. Further, because a public injunction is available under the UCL, and damages will not adequately benefit the general public in a manner equivalent to an injunction.

42.    It is premature to determine whether an adequate remedy at law exists. This is an initial pleading and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass.

43.    Plaintiff therefore reserves his right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## CLASS ACTION ALLEGATIONS

44.    Plaintiff brings this action as a class action pursuant to Cal. Code. Civ. Proc. § 382 on behalf of the following Class:

> All persons who purchased the Products for personal use in California from the beginning of the applicable statute of limitations until the date class notice is disseminated.

45.    Excluded from the class are: (i) Defendant and its officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; (iii) judicial officers and their immediate family members and associated court staff assigned to the case; (iv) individuals who received a full refund of the Products from Defendant.

46.    Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate subclasses, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

CROSNER LEGAL, P.C.

11

CLASS ACTION COMPLAINT

47.     The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

48.     Numerosity: individuals that are members of the putative Class described above ("Class Members") are so numerous that joinder of all members is impracticable. Plaintiff believes that there are thousands of Class Members who have been damaged by Defendant's deceptive and misleading practices.

49.     Commonality: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

    a.    Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

    b.    Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

    c.    Whether Defendant made misrepresentations concerning the Products that were likely to deceive the public;

    d.    Whether Plaintiff and the Class are entitled to injunctive relief;

    e.    Whether Plaintiff and the Class are entitled to money damages and/or restitution under the same causes of action as the other Class Members.

50.     Typicality: Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased the Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

51.     Adequacy: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the consumer fraud claims are common to all other members of the Class, and Plaintiff has a strong

CROSNER LEGAL, P.C.

12
CLASS ACTION COMPLAINT

interest in vindicating the rights of the class; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendant has acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

52.    The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a.    The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b.    The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c.    When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d.    This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e.    Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f.    This class action will assure uniformity of decisions among Class Members;

g.    The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h.    Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action.

53.    Additionally or in the alternative, the Class also may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class thereby making final declaratory and/or injunctive relief with respect to the members of the Class as a whole, appropriate.

54.    Plaintiff seeks preliminary and permanent injunctive and equitable relief on behalf of the Class, on grounds generally applicable to the Class, to enjoin and prevent Defendant from engaging in the acts described, and to require Defendant to provide full restitution to Plaintiff and the Class members.

55.    Unless the Class is certified, Defendant will retain monies that were taken from Plaintiff and Class members as a result of Defendant's wrongful conduct. Unless a classwide injunction is issued, Defendant will continue to commit the violations alleged and the members of the Class and the general public will continue to be misled.

**FIRST CLAIM FOR RELIEF**
**VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**
**CAL. CIV. CODE §§ 1750, *ET SEQ.***

56.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

57.    Plaintiff brings this claim under the CLRA individually and on behalf of the members of the proposed Class against Defendant.

58.    At all times relevant hereto, Plaintiff and the members of the Class were "consumer[s]," as defined in California Civil Code section 1761(d).

59.    At all relevant times, Defendant was a "person," as defined in California Civil Code section 1761(c).

60.    At all relevant times, the Products manufactured, marketed, advertised, and sold by Defendant constituted "goods," as defined in California Civil Code section 1761(a).

61.    The purchases of the Products by Plaintiff and the members of the Class were and are "transactions" within the meaning of California Civil Code section 1761(e).

62.    Defendant disseminated, or caused to be disseminated, through its advertising, false and misleading representations, including the Products' labeling that the Products contain

14

CLASS ACTION COMPLAINT

CROSNER LEGAL, P.C.

"No artificial preservatives." Defendant failed to disclose that the Products contain a commercially-manufactured artificial preservative ingredient: citric acid.

63.    This is a material misrepresentation and omission as a reasonable consumer would find the fact that the Products contain a preservative to be important to their decision in purchasing the Products.

64.    Defendant's representations violate the CLRA in the following ways:

a.    Defendant represented that the Products have characteristics, ingredients, uses, and benefits which they do not have (Cal. Civ. Code § 1770(a)(5));

b.    Defendant represented that the Products are of a particular standard, quality, or grade, which they are not (Cal. Civ. Code § 1770(a)(7));

c.    Defendant advertised the Products with an intent not to sell the Products as advertised (Cal. Civ. Code § 1770(a)(9)); and

d.    Defendant represented that the subject of a transaction has been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

65.    Defendant violated the CLRA because the Products were prominently advertised as containing "No artificial preservatives," when in fact the Products contain the commercially-manufactured artificial preservative citric acid. Defendant knew or should have known that consumers would want to know that the Products contain an artificial preservative.

66.    Defendant's actions as described herein were done with conscious disregard of Plaintiff's and the Class members' rights and were wanton and malicious.

67.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA, since Defendant is still representing that the Products have characteristics which they do not have.

68.    Pursuant to California Civil Code section 1782(d), Plaintiff and the members of the Class seek an order enjoining Defendant from engaging in the methods, acts, and practices alleged herein.

15

CLASS ACTION COMPLAINT

69.    Pursuant to California Civil Code section 1782, Plaintiff will notify Defendant in writing by certified mail of the alleged violations of the CLRA and will demand that Defendant rectify the problems associated with the actions detailed above and give notice to all affected consumers of their intent to so act.

70.    If Defendant fails to rectify or agree to rectify the problems associated with the actions detailed herein and give notice to all affected consumers within 30 days of the date of written notice pursuant to section 1782 of the CLRA, then Plaintiff will amend his complaint to seek damages.

71.    Pursuant to section 1780(d) of the CLRA, attached hereto is an affidavit showing that this action was commenced in a proper forum.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

72.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

73.    Plaintiff brings this claim under the UCL individually and on behalf of the Class against Defendant.

74.    The UCL prohibits any "unlawful," "fraudulent," or "unfair" business act or practice and any false or misleading advertising.

75.    Defendant committed the following unlawful business acts or practices:

    a.   by prominently advertising that the Products contain "No artificial preservatives," when in fact the Products contain the commercially-manufactured artificial preservative citric acid;

    b.   by violating California's Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, as alleged above;

    c.   and by breaching express warranties, as further alleged below.

76.    Plaintiff, individually and on behalf of the other Class members, reserves the right to allege other violations of law, which may constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

16

77.     Defendant committed "unfair" business acts or practices by: (1) engaging in conduct where the utility of such conduct is outweighed by the harm to Plaintiff and the members of the Class; (2) engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and the members of the Class; and (3) engaging in conduct that undermines or violates the intent of the consumer protection laws alleged herein.

78.     There is no societal benefit from deceptive advertising. Plaintiff and the other Class members paid for a Product that is not as advertised by Defendant. Further, Defendant failed to disclose a material fact (that the Products contain an artificial preservative) of which they had exclusive knowledge.

79.     While Plaintiff and the other Class members were harmed, Defendant was unjustly enriched by its false misrepresentations and material omissions. As a result, Defendant's conduct is "unfair," as it offends an established public policy. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

80.     Defendant committed "fraudulent" business acts or practices by making the representations of material fact regarding the Products set forth herein. Defendant's business practices as alleged are "fraudulent" under the UCL because they are likely to deceive customers into believing the Products actually contain no artificial preservatives.

81.     Plaintiff and the other members of the Class have in fact been deceived as a result of their reliance on Defendant's material misrepresentations and omissions. This reliance has caused harm to Plaintiff and the other members of the Class, each of whom purchased Defendant's Products. Plaintiff and the other Class members have suffered injury in fact and lost money as a result of purchasing the Products and Defendant's unlawful, unfair, and fraudulent practices.

82.     Defendant's wrongful business practices and violations of the UCL are ongoing.

83.     Plaintiff and the Class seek pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be

17

CLASS ACTION COMPLAINT

calculated is a sum certain and capable of calculation, and Plaintiff and the Class seek interest in an amount to be proved at a later date.

84.    Unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate. Pursuant to California Business & Professions Code section 17203, Plaintiff, individually and on behalf of the Class, seeks (1) restitution from Defendant of all money obtained from Plaintiff and the other Class members as a result of unfair competition; (2) an injunction prohibiting Defendant from continuing such practices in the State of California that do not comply with California law; and (3) all other relief this Court deems appropriate, consistent with California Business & Professions Code section 17203.

### THIRD CLAIM FOR RELIEF
#### BREACH OF EXPRESS WARRANTY

85.    Plaintiff realleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

86.    Plaintiff brings this claim for breach of express warranty individually and on behalf of the Class against Defendant.

87.    As the manufacturer, marketer, distributor, and seller of the Products, Defendant issued an express warranty by representing to consumers at the point of purchase that the Products contain "No artificial preservatives."

88.    Plaintiff and the Class reasonably relied on Defendant's misrepresentations, descriptions and specifications regarding the Products, including the representation that the Products contain "No artificial preservatives."

89.    Defendant's representations were part of the description of the goods and the bargain upon which the goods were offered for sale and purchased by Plaintiff and Members of the Class.

90.    In fact, the Products do not conform to Defendant's representations because the Products contain a the commercially-manufactured preservative ingredient citric acid. By falsely representing the Products in this way, Defendant breached express warranties.

18

CLASS ACTION COMPLAINT

91.    Plaintiff relied on Defendant's (the manufacturer) representations on the Products' labels and advertising materials which provide the basis for an express warranty under California law.

92.    As a direct and proximate result of Defendant's breach, Plaintiff and Members of the Class were injured because they: (1) paid money for the Products that were not what Defendant represented; (2) were deprived of the benefit of the bargain because the Products they purchased were different than Defendant advertised; and (3) were deprived of the benefit of the bargain because the Products they purchased had less value than if Defendant's representations about the characteristics of the Products were truthful.

93.    Had Defendant not breached the express warranty by making the false representations alleged herein, Plaintiff and Class Members would not have purchased the Products or would not have paid as much as they did for them.

**REQUEST FOR RELIEF**

Plaintiff, individually, and on behalf of all others similarly situated, requests relief pursuant to each claim set forth in this complaint, as follows:

a.    Certifying the Class as requested herein, designating Plaintiff as Class Representative and appointing the undersigned counsel as Class Counsel;

b.    Declaring that Defendant's actions, as set forth herein: violate the California Consumers Legal Remedies Act; violate the California Unfair Competition Law, and breach the express warranties made by Defendant to Class Members;

c.    Ordering restitution and disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class members as a result of Defendant's unlawful, unfair, and fraudulent business practices;

d.    Ordering injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the unlawful practices as set forth herein, and ordering Defendant to engage in a corrective advertising campaign;

e.    Ordering damages in amount which is different than that calculated for restitution for Plaintiff and the Class;

CLASS ACTION COMPLAINT

f.  Ordering Defendant to pay attorneys' fees and litigation costs to Plaintiff and the other members of the Class; and

g.  Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable.

h.  Ordering such other and further relief as equity and justice may require.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all claims in this Complaint so triable.

Dated: February 25, 2026                        CROSNER LEGAL, P.C.


By:     *s/ Michael T. Houchin*
        Michael T. Houchin

        Zachary M. Crosner (SBN 272295)
        zach@crosnerlegal.com
        Michael T. Houchin (SBN 305541)
        mhouchin@crosnerlegal.com
        9440 Santa Monica Blvd. Suite 301
        Beverly Hills, CA 90210
        Tel: (866) 276-7637
        Fax: (310) 510-6429

        Adam C. York (*Pro Hac Vice application forthcoming*)
        adam@crosnerlegal.com
        1016 West Jackson Blvd Suite 197
        Chicago, Illinois 60607

        Attorneys for Plaintiff

20

CLASS ACTION COMPLAINT

**Affidavit Pursuant to Civil Code Section 1780(d)**

I, MICHAEL T. HOUCHIN, declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California. I am one of the counsel of record for Plaintiff.

2.      This declaration is made pursuant to § 1780(d) of the California Consumers Legal Remedies Act.

3.      Defendant Eat Just, Inc. has its principal place of business in this county. Such business includes the marketing, promotion, distribution, and sale of the Products within the State of California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed February 25, 2026 at San Diego, California.

CROSNER LEGAL, P.C.

By:      *s/ Michael T. Houchin*
         MICHAEL T. HOUCHIN

9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
mhouchin@crosnerlegal.com

21
CLASS ACTION COMPLAINT

EXHIBIT B

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Michael T. Houchin (SBN 305541), Zachary M. Crosner (SBN 272295)

FIRM NAME: Crosner Legal, P.C.

STREET ADDRESS: 9440 Santa Monica Blvd., Suite 301

CITY: Beverly Hills    STATE: CA    ZIP CODE: 90210

TELEPHONE NO.: (866) 276-7637    FAX NO.: (310) 510-6429

EMAIL ADDRESS: mhouchin@crosnerlegal.com, zach@crosnerlegal.com

ATTORNEY FOR (name): Plainitff, Daniel Botteh

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ALAMEDA**

STREET ADDRESS: 24405 Amador Street

MAILING ADDRESS:

CITY AND ZIP CODE: Hayward 94544

BRANCH NAME: Hayward Hall of Justice

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
02/25/2026 at 05:20:50 PM
By: Danielle Harbour,
Deputy Clerk

CASE NAME:
 Daniel Botteh, et al. v. Eat Just, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $35,000)    [ ] **Limited** (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 26CV172997<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Asbestos**
[ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[x] Business tort/Unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Employment Development Department (EDD)**
[ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Comprehensive groundwater adjudication (47)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

**CM-010**, Page 1 of 3

→

CM-010

2.  Is this case complex under rule 3.400 of the California Rules of Court?   [x] Yes   [ ] No

   If the case is complex, mark the factors requiring exceptional judicial management:

   a.  [ ] Large number of separately represented parties

   b.  [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

   c.  [x] Substantial amount of documentary evidence

   d.  [ ] Large number of witnesses

   e.  [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

   f.  [ ] Substantial postjudgment judicial supervision

3.  Remedies sought *(check all that apply):*

   a.  [x] monetary

   b.  [x] nonmonetary; declaratory or injunctive relief

   c.  [ ] punitive

4.  Number of causes of action *(specify):* 3

5.  Is this case a class action suit?   [x] Yes   [ ] No

6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 2/25/2026

Michael T. Houchin
_____
(TYPE OR PRINT NAME)

▶   /s/ Michael T. Houchin
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment.  The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

Rev. January 1, 2026 | **Civil Case Cover Sheet** | **CM-010**, Page 2 of 3



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Botteh, et al. v. Eat Just, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| | |
|---|---|
| [  ] Oakland, Rene C. Davidson Alameda County Courthouse  (446) | [X ] Hayward Hall of Justice  (447) |
| | [  ] Pleasanton, Gale-Schenone Hall of Justice  (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [  ] yes  [  ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [X ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs    **[  ] Yes    [  ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [  ] Yes  [  ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)                                                                                                                A-13

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
02/25/2026
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Harbour _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EAT JUST, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DANIEL BOTTEH, individually, and on behalf of all others similarly situated.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court for the State of California for the county of Alameda, 24405 Amador Street, Hayward, CA 94544

CASE NUMBER:
*(Número del Caso):*
26CV172997

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael T. Houchin, Esq., Crosner Legal, P.C., 9440 Santa Monica Blvd., Suite 301, Beverly Hills, CA 90210, Ph# (866) 276-7637

DATE: 02/25/2026     Chad Finke, Executive Officer / Clerk of the Court     Clerk, by _____ , Deputy
*(Fecha)*                                                                   *(Secretario)*     D. Harbour               *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| Attorney or Party without Attorney:<br>Zachary M. Crosner (SBN 272295)<br>zach@crosnerlegal.com<br>CROSNER LEGAL, PC<br>9440 Santa Monica Blvd., Suite 301<br>Beverly Hills, CA 90210<br>Telephone No: 310-496-4818<br>Attorney For: Plaintiff | FOR COURT USE ONLY<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>03/09/2026 at 10:05:52 AM<br>By: Maria Alvarado,<br>Deputy Clerk |
|---|---|
| Insert name of Court, and Judicial District and Branch Court:<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA | |

| PLAINTIFF / PETITIONER: DANIEL BOTTEH, individually, and on behalf of all others similarly situated<br>DEFENDANT / RESPONDENT: EAT JUST, INC. | CASE NUMBER:<br>26CV172997 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>BOTTEH |

1.  *At the time of service I was at least 18 years of age and not a party to this action.*

2.  I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location); Notice Of Case Management Conference Alternative Dispute Resolution (ADR) Information Packet

3.  *a.  Party served:*     EAT JUST, INC.
    *b.  Person served:*    Robin Hutt-Banks, Authorized to Accept Service for National Registered Agents, Inc., Agent for Service of Process

4.  *Address where the party was served:*    1209 North Orange Street, Wilmington, DE 19801

5.  *I served the party:*
    a. **by personal service.**    I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Fri, Mar 06 2026 (2) at *(time)*: 02:50 PM
    (1)  [X]  (business)
    (2)  [ ]  (home)
    (3)  [ ]  (other) :

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    a.  [ ]  as an individual defendant.
    b.  [ ]  as the person sued under the fictitious name of *(specify)*:
    c.  [ ]  as occupant.
    d.  [X]  On behalf of *(specify)*:    EAT JUST, INC.
        under the following Code of Civil Procedure section:
        [X]  416.10 (corporation)                                    [ ]  415.95 (business organization, form unknown)
        [ ]  416.20 (defunct corporation)                        [ ]  416.60 (minor)
        [ ]  416.30 (joint stock company/association)    [ ]  416.70 (ward or conservatee)
        [ ]  416.40 (association or partnership)              [ ]  416.90 (authorized person)
        [ ]  416.50 (public entity)                                    [ ]  415.46 (occupant)
        [ ]  other:



| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF<br>SERVICE<br>SUMMONS** | *15371133*<br>*(17684409)*<br>Page 1 of 2 |
|---|---|---|

| Plaintiff: DANIEL BOTTEH, individually, and on behalf of all others similarly situated | Case Number: 26CV172997 |
|---|---|
| Defendant: EAT JUST, INC. | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Eric Chrisco
   b. Address: **FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
   c. Telephone number: (213) 250-1111
   d. **The fee** for service was: $281.40
   e. I am:
      (1) [X] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor
         (ii) Registration No:
         (iii) County:

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| 03/06/2026 | | Eric Chrisco |
|---|---|---|
| *(Date)* | | |

Attorney or Party without Attorney:
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
CROSNER LEGAL, PC
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone No:  310-496-4818
Attorney For:  Plaintiff

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
03/10/2026 at 10:46:20 AM
By: Laure Havenar-Daughton,
Deputy Clerk

Insert name of Court, and Judicial District and Branch Court:
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF ALAMEDA

PLAINTIFF / PETITIONER:  DANIEL BOTTEH, individually, and on behalf of all others similarly situated
DEFENDANT / RESPONDENT:  EAT JUST, INC.

CASE NUMBER:
26CV172997

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
BOTTEH

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the Summons; Class Action Complaint; Notice Of Case Management Conference; Civil Case Cover Sheet Addendum and Statement of Location (Certificate of Grounds for Assignment to Courthouse Location); Alternative Dispute Resolution (ADR) Information Packet

3. a. Party served:      EAT JUST, INC.
   b. Person served:    Bob Gustafson, Authorized to Accept service for CT Corporation System, Agent for Service of Process

4. Address where the party was served:   1010 Dale Street North, Saint Paul, MN 55117

5. I served the party:
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): Fri, Mar 06 2026 (2) at (time): 01:59 PM
   (1)  [X]  (business)
   (2)  [ ]  (home)
   (3)  [ ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a.  [ ]    as an individual defendant.
   b.  [ ]    as the person sued under the fictitious name of (specify):
   c.  [ ]    as occupant.
   d.  [X]    On behalf of (specify):   EAT JUST, INC.
              under the following Code of Civil Procedure section:
              [X]  416.10 (corporation)                      [ ]  415.95 (business organization, form unknown)
              [ ]  416.20 (defunct corporation)              [ ]  416.60 (minor)
              [ ]  416.30 (joint stock company/association)  [ ]  416.70 (ward or conservatee)
              [ ]  416.40 (association or partnership)       [ ]  416.90 (authorized person)
              [ ]  416.50 (public entity)                    [ ]  415.46 (occupant)
              [ ]  other:



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*15371129*
*(17684408)*
Page 1 of 2

| Plaintiff: DANIEL BOTTEH, individually, and on behalf of all others similarly situated | Case Number: |
|---|---|
| Defendant: EAT JUST, INC. | 26CV172997 |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: James Basa
   b. Address: **FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
   c. Telephone number: (213) 250-1111
   d. **The fee** for service was: $281.40
   e. I am:
      (1) [X] not a registered California process server.
      (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
      (3) [ ] a registered California process server:
         (i) [ ] owner [ ] employee [ ] independent contractor
         (ii) Registration No:
         (iii) County:

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

3/10/2526

(Date)

James Basa

James Basa

FL
FIRSTLEGAL

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*15371129*
*(17684408)*
Page 2 of 2