CROSNER LEGAL, P.C.
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Adam C. York (*Pro Hac Vice*)
adam@crosnerlegal.com
1021 West Adams St., Ste. 200
Chicago, Illinois 60607
Tel: (866) 276-7637
Fax: (310) 510-6429

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION**

| | |
|---|---|
| DANIEL BOTTEH, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EAT JUST, INC.,<br><br>Defendant. | Case No. 3:26-cv-02972-JSC<br><br>**JOINT INITIAL CASE MANAGEMENT STATEMENT**<br><br>Initial Case Management Conference<br><br>Judge: Jacqueline Scott Corley<br>Date: July 8, 2026<br>Time: 2:00 p.m. |

Plaintiff Daniel Botteh ("Plaintiff") and Eat Just, Inc. ("Defendant") (together with Plaintiff the "Parties") hereby submit this Joint Initial Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and the Order Setting Initial Case Management Conference (ECF No. 4).

**1. Jurisdiction & Service**

Defendant removed this action from the Superior Court of California, County of Alameda, case number 26CV172997 (the "Alameda County Case") under 28 U.S.C. § 1332(d) because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. (*See* ECF No. 1). Defendant was served in the Alameda County Case on March 6, 2026.

**2. Facts**

**(a) Plaintiff's Statement:**

Defendant produces, advertises, markets, and sells Just Mayo and Just Ranch products (the "Products"). Compl. ¶ 2. The Products contain a representation on the front label that they contain "No artificial preservatives." *Id.* Plaintiff alleges that citric acid is, in fact, a preservative ingredient. *Id.* at ¶¶ 12–18. Plaintiff further alleges that the citric acid used in the Products is synthetic, industrially-manufactured citric acid. *Id.* at ¶¶ 19–21.

Because the Products are advertised as containing "No artificial preservatives" when they allegedly contain the synthetic, industrially-manufactured preservative citric acid, consumers like Plaintiff and members of the putative Class have been deceived. *Id.* at ¶¶ 22–27. Plaintiff and members of the putative Class suffered economic injury as a result of Defendant's alleged deception. *Id.* at ¶¶ 28–29.

Plaintiff seeks to represent a class of similarly-situated individuals who purchased the Products in California. *Id.* at ¶¶ 44–55.

**(b) Defendant's Statement:**

Citric acid is used for flavoring in Defendant's Just Mayo and Just Ranch products, not as a preservative.



CROSNER LEGAL, P.C.

CROSNER LEGAL, P.C.

**3. Legal Issues**

**(a) Plaintiff's Statement:**

Plaintiff asserts claims on behalf of himself and a class of California consumers for violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* ("CLRA"), Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ("UCL"), and for breach of express warranty. The legal issues center on whether Defendant's statement that the Products contain "No artificial preservatives" is false and/or misleading because the Products contain citric acid, an ingredient alleged by Plaintiff to be a commercially-manufactured artificial preservative.

**(b) Defendant's Statement:**

As stated above, the products use citric acid as flavoring, not as a preservative. Therefore, the legal issues will center around whether the use of citric acid as flavoring renders the statement "No artificial preservatives" as false or misleading since citric acid is not as a preservative.

**4. Motions**

Plaintiff anticipates filing a motion for class certification and may also file a motion for summary judgment.

Defendant anticipates filing a motion for summary judgment.

**5. Amendment Of Pleadings**

Plaintiff does not anticipate amending his Complaint at this time, but reserves the right to move for leave to file an amended pleading consistent with any deadlines in the proposed schedule.

**6. Evidence Preservation**

Each of the Parties assert that they have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

The Parties have served their Rule 26(a)(1) initial disclosures as of the filing of this Joint Initial Case Management Statement, within 14 days of having met and conferred as required by Rule 26(a)(1)(C).

**8. Discovery**

The Parties have not yet served discovery. The Parties have agreed to accept service of discovery requests and responses via email. The Parties further agree to cooperate and work in good faith toward reaching an agreement on a stipulation regarding the preservation and production of electronically stored information ("ESI"), as well as a protective order governing the discovery and use of confidential information. If agreement cannot be reached, the Parties will seek Court intervention.

The Parties agree that formal bifurcation of discovery is not necessary. Given the organization and maintenance of ESI, the Parties do not believe formally bifurcating discovery will be the most efficient or the least burdensome procedure in this case. *See* Manual for Complex Litigation (Fourth) § 21.14, at 255-56 (2004) ("Arbitrary insistence on the merits/class discovery distinction sometimes thwarts the informed judicial assessment that current class certification practice emphasizes"). Instead, Plaintiff is willing to work to prioritize the production of documents given the importance of specific subsets relative to the stage of litigation and the burden of production.

The Parties will work together to agree to a protocol for the production of ESI. The ESI protocol will include proposals relating to the form in which ESI should be produced as well as the manner in which the parties should search for ESI.

The Parties have not yet identified any discovery disputes.

Plaintiff intends to seek discovery regarding, among other things:

a. Information regarding the suppliers of and manufacturing process for the citric acid in the Products;

b. Defendant's knowledge of its use of commercially-manufactured citric acid;

c. Information regarding the advertising, marketing, and public relations of the Products; and

d. Information regarding the sales of the Products, the total profits and revenues generated, and Defendant's Costs of Goods Sold.

Plaintiff intends to conduct a Rule 30(b)(6) deposition after receiving sufficient written discovery and relevant documents. Plaintiff notes that this list is preliminary in nature and may change as discovery commences.

**9. Class Actions**

**(a) Plaintiff's Statement:**

Plaintiff intends to move for class certification consistent with the proposed schedule included in Section 15 below. The Parties have reviewed the Procedural Guidelines for Class Action Settlements.

**(b) Defendant's Statement:**

Defendant intends to oppose class certification on the ground that individual issues predominate, including but limited to issues of individual reliance and falsity.

**10. Related Cases**

The Parties are not aware of any related cases as defined by L.R. 3-12 ("Definition of Related Cases.").

**11. Relief**

Plaintiff intends to seek all available damages (including but not limited to compensatory damages, consequential damages, and punitive damages), injunctive relief, restitution/disgorgement, pre/post-judgment interest, attorneys' fees, and costs and expenses.

**12. Settlement and ADR**

The Parties filed the required ADR Certification by June 17, 2026, as ordered by the Court. The Parties have agreed to discuss ADR selection during the Initial Case Management Conference.

**13. Other References**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing Of Issues**

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

**15. Scheduling**

The Parties propose the schedule below. The Parties maintain that it is premature to schedule dates until after the Court rules on Plaintiff's anticipated motion for class certification as it would have a substantial impact on the time necessary to complete any remaining non-expert and expert discovery and prepare for trial. As such, the Parties have proposed a deadline to confer and file an updated status report and proposed schedule following the Court's ruling on said motion below.

| Event | Date |
|---|---|
| Deadline to file Motion to Amend the Pleadings and/or Join New Parties | **December 23, 2026**<br>[Approx. 12 weeks before deadline to file motion for class certification] |
| Deadline to file Plaintiffs' Motion for Class Certification, including any expert reports upon which Plaintiff relies in their motion | **April 1, 2027**<br>[Approx. 10 months following Initial CMC] |
| Deadline to file Defendant's Opposition to Class Certification, including any counter expert reports upon which Defendant relies in its motion | [Approx. 35 days after filing motion] |
| Deadline to complete depositions and document productions for Defendant's experts re: Class Certification | [Approx. 28 days after filing opposition] |
| Deadline to file Plaintiffs' Reply in Support of Class Certification, including any rebuttal expert reports upon which Plaintiffs rely in their motion | [Approx. 35 days after filing opposition] |
| Hearing on Class Certification Motion | [Approx. 30 days after filing reply] |
| Deadline for Parties to confer and file a Joint Status Report and updated Proposed Scheduling Order | 21 days after Court enters Order regarding Class Certification |
| Further case management conference | Approx 28 days after Court enters Order regarding Class Certification |

| Event | Date |
|---|---|
| Last date to notice (non-expert) depositions | TBD after Court enters Order regarding Class Certification, but at least 30 days before the close of fact discovery. |
| Close of Fact Discovery[1] | TBD after Court enters Order regarding Class Certification. |
| Deadline for Plaintiffs' (merits) expert disclosures | TBD after Court enters Order regarding Class Certification, approx. 30 days after close of fact discovery |
| Deadline for Defendant's rebuttal (merits) expert disclosures | TBD after Court enters Order regarding Class Certification, approx. 60 days after close of fact discovery |
| Deadline to notice expert depositions | TBD after Court enters Order regarding Class Certification, but at least 30 days before the close of expert discovery |
| Close of (merits) expert discovery | TBD after Court enters Order regarding Class Certification, approx. 120 days after close of fact discovery |
| Pre-Trial Conference | TBD |
| Trial | TBD |

**16. Trial**

Plaintiff demands a jury trial and estimates approximately five days for trial.

**17. Disclosure of Non-Party Interested Entities or Persons**

Plaintiff is not aware of any non-party interested entities or persons, other than putative class members.

**18. Professional Conduct**

Counsel for the Parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

[Signature page follows.]

[1] Other than discovery related to noticing Class Members pursuant to Fed. R. Civ. P. 23(d).

Dated: July 1, 2026

Respectfully Submitted,

For Defendant Eat Just, Inc.

By: *s/ Philip J. Wang*
Philip J. Wang (with permission)

**Putterman | Yu | Wang LLP**
Philip J. Wang
pwang@plylaw.com
Constance Jiun-Yee Yu
cyu@plylaw.com
345 California St. Suite 1160
San Francisco, CA 94104

For Plaintiff Daniel Botteh and the proposed Class

By: *s/ Adam C. York*
Adam C. York

**Crosner Legal, P.C.**
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
Michael T. Houchin (SBN 305541)
mhouchin@crosnerlegal.com
9440 Santa Monica Blvd. Suite 301
Beverly Hills, California 90210
Tel: (866) 276-7637
Fax: (310) 510-6429
Adam C. York (*Pro Hac Vice*)
adam@crosnerlegal.com
1021 West Adams St., Ste. 200
Chicago, Illinois 60607

## ATTESTATION OF CONCURRENCE IN FILING

In accordance with Northern District of California Local Rule 5-1(i)(3), I attest that each of the signatories whose electronic signature is listed on this document has concurred in the filing of this document.

Dated: July 1, 2026

s/ Adam C. York